

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00227-CR
_____

KASEY ANDERSON BENSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2229396

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Pursuant to a plea agreement, Kasey Anderson Benson pled guilty to injury to an elderly person,[1] and the trial court deferred adjudication of his guilt and placed Benson on five years' community supervision.  In July 2023, the State filed a motion to proceed to adjudication of guilt.  Benson pled not true to the State's allegations, and after evidence was admitted in support of the allegations, the trial court found the allegations true and sentenced Benson to seven years' imprisonment.  Benson appeals the judgment revoking his community supervision and adjudicating his guilt.

Benson's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal.  Counsel provided a professional evaluation of the record and demonstrated why there are no arguable grounds to be advanced, as required by law.  *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Benson's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Benson with copies of the brief and the motion to withdraw.  His counsel also informed Benson of his rights to review the record and to file a pro se response and provided Benson with a pro se motion for access to the appellate record.  By letter dated February 13,

---

[1] *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (Supp.).

2

2024, we notified Benson that his signed pro se motion for access was due on February 28, 2024. By letter dated March 7, 2024, we notified Benson that the case would be submitted on briefs on March 28, 2024, and that his pro se response to his counsel's *Anders* brief should be filed on or before that date. Benson did not file a pro se response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment.[2] *See id.*

Scott E. Stevens
Chief Justice

Date Submitted:     March 28, 2024
Date Decided:      April 3, 2024

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.